IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAEQUON ALLEN,

    Plaintiff,

v.

UNITED STATES OF AMERICA

OPINION and ORDER

20-cv-20-wmc
15-cr-67-wmc

    Under 28 U.S.C. § 2255, plaintiff Raequon Allen moves to vacate a sentence imposed by this court on November 28, 2017. In particular, following remand, the court re-sentenced him to 108 months of imprisonment for committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and for brandishing a firearm during that crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). This matter is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases. Because this is an unauthorized successive motion, the court concludes that his petition must be dismissed for lack of subject matter jurisdiction.

    Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application in district court *unless* he first obtains an order from the appropriate court of appeals authorizing the lower court to consider the application. Here, Allen has already filed a § 2255 motion challenging the court's November 28, 2017, sentence, which the court denied October 30, 2019. *Allen v. United States*, No. 17-cv-933, 2019 WL 5596508 (W.D. Wis. Oct. 30, 2019). Allen did not obtain advance permission from the Seventh Circuit before filing this new motion, so this court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b)(3).

1

In reaching this conclusion, the court notes that Allen included some language in his motion to vacate suggesting that he was actually asking the court to reconsider its October 30, 2019, opinion and order denying his first § 2255 motion. In particular, he includes the case caption from the 17-cv-933 proceeding, and on the first page of his motion, Allen states that he "submits his articulated reply as requested" by this court. (Dkt. #1, at 1.) Yet in his submission, Allen included *new* grounds for relief that he had not raised previously, including that: (1) his attorney was ineffective in failing to challenge Count 4 of the indictment; (2) his guilty plea was not knowing and voluntary due to his attorney's ineffectiveness; and (3) he is actually innocent of the charge in Count 4, since his crime did not constitute a crime of violence under 18 U.S.C. § 924(c). (*Id.* at 3-6.) These new claims appear to be a reaction to the court's conclusion that he had failed to raise these challenges on appeal, and thus he was barred from re-litigating those claims in a § 2255 motion absent a showing of cause and prejudice. *See Allen*, No. 17-cv-933, 2019 WL 5596508, at * 2.

Even assuming Allen intended that submission to be construed as a motion to alter or amend the court's judgment, however, the motion must still be denied. While a party may file a motion for "reconsideration," under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, to prevail, "a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Insurance Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). In addition, such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). To the extent Allen is seeking relief under Rule 59(e), that motion is untimely. The court issued

its opinion and order denying Allen's initial motion to vacate on October 30, 2019, and judgment was entered that same day. Allen filed this motion on January 8, 2020, obviously well beyond the 28-day time limit to seek relief from judgment. Therefore, his motion was untimely and must be denied for that reason.

Similarly, relief from a judgment is available under Federal Rule of Civil Procedure 60(b)(1) only on the basis of "mistake, inadvertence, surprise, or excusable neglect."[1] Here, Allen has not even identified an error of law or fact in the court's resolution of his § 2255 petition that warrants reconsideration under Rule 60. Moreover, the Court of Appeals for the Seventh Circuit has held that "a Rule 60(b) motion cannot be used to circumvent restraints on successive petitions for habeas corpus." *Banks v. United States*, 167 F.3d 1082, 1083 (7th Cir. 1999) (citing *Burris v. Parke*, 130 F.3d 782 (7th Cir. 1997)). Although the court held in *Banks* that a Rule 60(b) motion may be "an appropriate means to bring a claim that the conduct of counsel affected the integrity of the court's habeas proceeding," 167 F.3d at 1084, that exception does not apply here because Allen was not represented by counsel for purposes of the § 2255 motion he filed in 2017, and in any event, in his January 8, 2020, submission, he is attempting to challenge his attorney's effectiveness at the time of his plea agreement and sentencing from *2016*, as well as whether his Hobbs Act robbery constituted a crime of violence. Finally, because Allen does not direct the court to any deficiency with respect to the § 2255 proceedings, even assuming that Allen intended his submission from January 8, 2020, to be a continuation of his first § 2255 action, he would not be entitled to relief.

---

[1] Under Rule 12 of the Rules Governing Section 2255 Cases, the Federal Rules of Civil Procedure apply "to the extent they are not inconsistent with any statutory provisions or these rules."

3

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Allen has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that:

(1) Raequon Allen's petition under 28 U.S.C. § 2255 (dkt. #1) is DISMISSED for lack of authorization as a second or successive application.

(2) Allen's motions to appoint counsel, alter or amend and to mandate (dkt. ##2, 4, 6) are DENIED.

(3) No certificate of appealability will issue.

Entered this 4th day of October, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge